## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Cathy L. Waldor |
| v. | : Magistrate No. 18-7005 |
| ERICK ARIEL LEON-OAJACA, a/k/a "Erick Ariel Leon Oajaca" | : **CRIMINAL COMPLAINT** |

I, Christopher Sobolewski, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigrations and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

Christopher Sobolewski
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
January 31, 2018 Newark, New Jersey

HONORABLE CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE             Signature of Judicial Officer

## **ATTACHMENT A**

On or about November 17, 2017, in Union County, in the District of New Jersey, and elsewhere, the defendant,

**ERICK ARIEL LEON-OAJACA,**
a/k/a "Erick Ariel Leon Oajaca,"

being an alien, and on or about April 9, 2009, having been deported and removed and departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Section 1326(a).

**ATTACHMENT B**

I, Christopher Sobolewski, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, ERICK ARIEL LEON-OAJACA, a/k/a "Erick Ariel Leon Oajaca," (the "Defendant"), is a citizen of Guatemala, and he neither is a citizen nor a national of the United States.

2. On or about February 20, 2009, the Defendant pled guilty in the District Court of Maryland for Anne Arundel County to Assault in the Second Degree, in violation of Section 3-203 of the Maryland Criminal Law, and was sentenced to imprisonment for one year.

3. Thereafter, on or about March 25, 2009, the Defendant was ordered removed from the United States to Guatemala by an Immigration Judge sitting in El Paso, Texas.

4. On or about April 7, 2009, the Defendant was removed from the United States to Guatemala. Shortly before the Defendant's removal from the United States, an official from ICE took a fingerprint from the Defendant.

5. At some point after his 2009 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

6. On or about November 17, 2017, the Defendant was arrested in Fanwood, New Jersey for Hindering Apprehension, in violation of Section 2C:29-3b(4) of the New Jersey Criminal Code.

7. On or about November 17, 2017, the Defendant entered into the custody of ICE in New Jersey after his arrest by the Fanwood Police Department for Hindering Apprehension.

8. A fingerprint taken from the Defendant from his 2009 deportation records was compared to the Defendant's fingerprint that was taken on or about November17, 2017 after he entered ICE's custody. Both the fingerprints were found to be identical.

9. Prior to the Defendant's re-entry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.